[Cite as *State ex rel. Pope v. Russo*, 2012-Ohio-5293.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98877**

# STATE OF OHIO, EX REL. JOHNATHAN POPE

RELATOR

vs.

# HONORABLE JOHN J. RUSSO

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 458919
Order No. 459677

**RELEASE DATE:**  November 14, 2012

**FOR RELATOR**

Johnathan Pope, pro se
Inmate No. 593209
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} On August 29, 2012, the relator, Johnathan Pope, commenced this mandamus action against the respondent, Judge John J. Russo, to compel the judge to rule on his "pending motion(s) requesting a corrected entry of 9 additional days of jail time credit." (Demand for relief.) Pope had filed motions for additional jail-time credit in the underlying case, *State v. Pope,* Cuyahoga C.P. No. CR-540082, on January 31, April 17, and July 10, 2012. Previously, the respondent judge had granted Pope 16 days of jail-time credit. On September 26, 2012, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment, inter alia, on the grounds of mootness. Attached to this dispositive motion is a certified copy of a September 6, 2012 journal entry, in which the judge granted Pope a total of 25 days of jail-time credit. Pope never filed a response.

{¶2} The attached journal entry establishes that Pope has received his requested relief, a ruling on his pending motions granting him additional jail-time credit. The court further notes that after the judge issued the September 6 journal entry, the Ohio Department of Rehabilitation and Correction updated its offender search page for Pope by changing his release date from October 17, 2012, to October 7, 2012. Thus, this matter is moot.

{¶3} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This court

directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶4} Writ denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR